UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID L. GIST, SR., UNITED STATES, and PARTIE 2314;

                              Plaintiffs,
                v.                                         5:09-CV-1361
                                                                    (NPM/GHL)

UNITED STATES, *et al.*;

                              Defendants.
_____

APPEARANCES

DAVID L. GIST, SR.
Plaintiff, *pro se*

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      Plaintiff David L. Gist, Sr., *pro se*, has submitted a complaint, application to proceed *in forma pauperis*, and several requests that will be addressed herein.

      As an initial matter, I note that David L. Gist, Sr., "United States," and "Partie 2314" are named as plaintiffs in the caption of the complaint. Dkt. No. 1, at p. 1. However, the complaint is signed only by David L. Gist, Sr. *Id.* at p. 5. Rule 11 of the Federal Rules of Civil Procedure requires that every pleading, written motion, and other paper, if the party is not represented by an attorney, shall be signed by the party. Fed. R. Civ. P. 11(a). Moreover, David L. Gist, Sr. is the only plaintiff to file an application to proceed *in forma pauperis*. Dkt. No. 4. Accordingly, the Court will consider David L. Gist, Sr., to be the sole plaintiff in this action. Therefore the "United States" and "Partie 2314" should be dismissed as plaintiffs.

**I.**      **The complaint and motion to amend**

      In the complaint, Plaintiff alleges that while undergoing surgery at the Veterans Medical Hospital in Syracuse, New York, surgical clamps were improperly left in his body, causing him injuries.

Dkt. No. 1. Plaintiff seeks monetary damages. *Id.*

In addition to the complaint, Plaintiff submitted a "motion" to amend his complaint based on Federal Rule of Civil Procedure 15(a) (Amendments Before Trial). Dkt. No. 6.

To the extent that Plaintiff's submission purports to be a "motion," Local Rule of Practice 7.1(a)(4) requires that an unsigned copy of the proposed amended pleading be attached to a motion to amend. The proposed amended pleading must be a complete pleading, which will supersede the original pleading in all respects. *Id.* Here, Plaintiff's submission does not comport with Local Rule of Practice 7.1(a)(4) because it does not provide a copy of the proposed amended pleading. Accordingly, Plaintiff's "motion" to amend is denied as incomplete.[1]

However, in light of the fact that no party has been served and in light of Plaintiff's *pro se* status, I recommend that Plaintiff may file an amended complaint within thirty (30) days of the filing date of any Order adopting this Report-Recommendation and Order should he wish to avoid dismissal of the action.[2] Any amended complaint, which shall supersede and replace in its entirety Plaintiff's original complaint (Docket No. 1), must contain a short and plain statement of the claim showing that he is entitled to relief with all averments of claim set forth in numbered paragraphs. *See* Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b). The amended complaint must also allege claims of misconduct or wrongdoing against defendants which Plaintiff has a legal right to pursue, and over which this Court

---

[1] Moreover, a motion to amend is unnecessary at this point. Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. *Id.* at (a)(2). The court should freely give leave when justice so requires. *Id.* Here, the complaint has not been served; and no motion under Rule 12(b), (e), or (f) has been made. Therefore, Plaintiff's "motion" is unnecessary.

[2] In light of this recommendation, no determination as to the sufficiency of the complaint has been made.

may properly exercise jurisdiction.

**II.     Motion for an order**

Plaintiff submitted a "motion" for an Order in support of the complaint.[3] Dkt. No. 8. Plaintiff apparently requests that the Court issue an Order, finding that he has stated a cause of action. *Id.* In light of the Court's recommendation that Plaintiff may file an amended complaint within thirty (30) days, the request is denied as moot.

**III.    Motion to supplement**

Plaintiff submitted a "motion" to supplement his complaint based on Federal Rule of Civil Procedure 15(d) (Supplemental Pleadings).[4] Dkt. No. 5. Plaintiff vaguely claims that "damage" is "ongoing" and appears to claim that Defendants concealed records and that spoliation has occurred. *Id.* at 4, 10. In light of the Court's recommendation that Plaintiff may file an amended complaint within thirty (30) days, the request to supplement is denied as moot.

**IV.    Application to proceed *in forma pauperis***

After a review of the application to proceed *in forma pauperis*, Dkt. No. 3, the application is granted.

**V.     Motion to appoint counsel**

Plaintiff filed a motion to appoint counsel. Dkt. No. 4. Plaintiff indicates that he contacted several attorneys and law firms in an effort to obtain counsel. *Id.*

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a

---

[3] No determination as to the sufficiency of the "motion" has been made, as the request is denied as moot.

[4] No determination as to the sufficiency of the "motion" has been made, as the request is denied as moot.

number of factors must be carefully considered by the court in ruling upon such a motion. The threshold consideration in ruling on such an application is a showing of some likelihood of merit. *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172-74 (2d Cir. 1989). Here, no determination as to the possible merit of Plaintiff's claims can be made because no amended complaint has been submitted. Accordingly, Plaintiff's motion is denied without prejudice.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that the "United States" and "Partie 2314" should be dismissed as plaintiffs; and it is further

**RECOMMENDED**, that Plaintiff may file an amended complaint **within thirty (30) days** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended complaint, the Clerk enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that upon the filing of Plaintiff's amended complaint, the file in this matter be returned to the Court for further review; and it is further

**ORDERED**, that the motion to amend (Dkt. No. 6) is **DENIED** as incomplete; and it is further

**ORDERED**, that the motion for an order (Dkt. No. 8) is **DENIED** as moot; and it is further

**ORDERED**, that the motion to supplement (Dkt. No. 5) is **DENIED** as moot; and it is further

**ORDERED**, that the application to proceed *in forma pauperis* (Dkt. No. 3) is **GRANTED**;[5] and it is further

---

[5] Plaintiff should note that although the application to proceed *in forma pauperis* has been granted, Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

**ORDERED**, that the motion to appoint counsel (Dkt. No. 4) is **DENIED** without prejudice; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 3, 2010
Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge