UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

DAVID L. GIST, SR.,

Plaintiff,

v.

5:09-CV-1361 (NPM/GHL)

UNITED STATES, *et al.*;

Defendants.

APPEARANCES

DAVID L. GIST, SR.
Plaintiff, *pro se*

GEORGE H. LOWE, U.S. Magistrate Judge

**REPORT-RECOMMENDATION AND ORDER**

By way of background, *pro se* Plaintiff David L. Gist, Sr., originally submitted a complaint and application to proceed *in forma pauperis*. Dkt. No. 1, 3. After a review, the Court recommended that Plaintiff be allowed to file an amended complaint in light of his *pro se* status and in light of the fact that no party had been served. Dkt. No. 12. The Honorable Neal P. McCurn, Senior U.S. District Judge, adopted my recommendation. Dkt. No. 15. The application to proceed *in forma pauperis* was granted. Dkt. No. 12.

Presently before the Court is an amended complaint submitted by Plaintiff. Dkt. No. 14. Also before the Court is Plaintiff's motion to certify this action as a class action. Dkt. No. 16.

**I. Amended Complaint**

The amended complaint alleges that while Plaintiff was undergoing surgery at the Veterans Medical Hospital in Syracuse, New York, surgical clamps were improperly left in his body, causing him

injuries. Dkt. No. 14.[1] Plaintiff alleges that he underwent surgery on September 26, 1981, but that he did not discover the alleged clamps until on or about December 6, 2006.[2] *Id.* at p. 3.

**A. Rules 8 and 10 of the Federal Rules of Civil Procedure**

Initially, it bears noting that the amended complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 CIV 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (citations omitted).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in pertinent part,

> (b) Paragraphs; Separate Statements. All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

Fed. R. Civ. P. 10(b).

The purpose of Rule 10 "is to 'provide an easy mode of identification for referring to a particular paragraph in a prior pleading . . . .'" *Sandler v. Capanna*, Civ. A. No. 92-4838, 1992 WL 392597, *3 (E.D. Pa. Dec. 17, 1992) (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil § 1323 at 735 (1990)).

---

[1] The amended complaint is twelve pages long, and has only one exhibit.

[2] The original complaint was filed on December 4, 2009. Dkt. No. 1.

A complaint that fails to comply with these Rules presents too heavy a burden for the defendants in shaping a comprehensive defense, provides no meaningful basis for the court to assess the sufficiency of the plaintiff's claims, and is properly subject to dismissal. *See Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is 'usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'" *Hudson*, 1998 WL 832708, at *2 (quotation omitted). Therefore, in those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

The amended complaint is difficult to interpret. It contains rambling legal arguments, numerous disjointed sentences, and repeated conclusory allegations, all of which are set forth in tight handwritten text on single-spaced lines. Dkt. No. 14. The allegations against the specific individuals that are named as defendants are vague, and buried in the text, making it difficult for the Court to determine the sufficiency of Plaintiff's allegations, and would be difficult for Defendants to shape a comprehensive defense.

Moreover, while the amended complaint contains numbered sections, the numbering is of limited value since some of the numbered sections contain numerous sentences, and/or contain multiple paragraphs. *Id.*

Thus, the amended complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. However, the Court refrains from recommending dismissal on this basis because the

amended complaint does not quite rise to the level of being "*so* confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Accordingly, should Plaintiff file a second amended complaint, which will be discussed in the next section, any such submission must be in accordance with Rules 8 and 10.

**B. 28 U.S.C. § 1915(e)**

Title 28 U.S.C. § 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[3] Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that a claim is not frivolous before permitting a plaintiff to proceed with an action *in forma pauperis*. *See e.g. Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

The amended complaint asserts claims of medical malpractice and negligence on the part of Veterans Administration employees. Dkt. No. 14. Plaintiff asserts that the United States should be held liable. *Id.*

The Federal Tort Claims Act ("FTCA") confers jurisdiction on federal district courts to hear

[3] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

claims against the United States alleging "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Tort claims, such as claims of medical malpractice, are actionable under the FTCA. *United States v. Kubrick*, 444 U.S. 111 (1979).

In order for this Court to have jurisdiction over Plaintiff's claims, Plaintiff must satisfy all of the FTCA's requirements. *In re Agent Orange Prod. Liability Litig.*, 818 F.2d 210, 214 (2d Cir. 1987); *see Morales v. United States*, 38 F.3d 659, 660 (2d Cir. 1994) (requiring a plaintiff who sues the United States to "compl[y] with all statutory and regulatory prerequisites to such a suit"). "The burden is on the plaintiff to both plead and prove compliance with the statutory requirements [of the FTCA]." *In re Agent Orange*, 818 F.2d at 214 (citation omitted).

Before filing suit in federal court, FTCA claimants are required to have "previously presented to the appropriate administrative agency a claim that meets the specific statutory requirements as to its form, content, and timing." *Millares Guiraldes de Tineo v. U.S.*, 137 F.3d 715, 719 (2d Cir. 1998) (citing 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States ... unless the claimant shall have first presented the claim to the appropriate Federal agency.")). If a claimant does not exhaust his administrative remedies, he is "foreclose[d]" from invoking the FTCA to secure jurisdiction over the United States. *Millares Guiraldes*, 137 F.3d at 719; *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005) (characterizing the exhaustion requirement as a "jurisdictional" prerequisite to suit that "cannot be waived") (citations omitted).

The amended complaint fails to show that Plaintiff exhausted his administrative remedies. It is Plaintiff's burden to plead and prove exhaustion. Accordingly, the matter should be dismissed for lack of subject matter jurisdiction. *See Bellanich v. Doe*, No. 05-3503-CV, 164 Fed. Appx. 193, 2006 WL

267145 (2d Cir. Feb. 3, 2006) (affirming district court's *sua sponte* dismissal, and finding that the "district court properly concluded that it lacked subject matter jurisdiction over [the plaintiff's] tort claim against the Veterans Administration because [the plaintiff] failed to allege or demonstrate that he had timely exhausted administrative remedies under the FTCA") (citing *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999)).

However, in light of Plaintiff's *pro se* status, the Court recommends that Plaintiff be provided with **one final opportunity** to amend his complaint by filing a "second amended complaint." Any second amended complaint will supersede and replace in its entirety Plaintiff's amended complaint (Docket No. 14). Moreover, **Plaintiff must include all supporting exhibits with any second amended complaint because the Court is unable to consider, review, or "refer back" to exhibits that Plaintiff submitted with his original complaint (Dkt. No. 1) and/or his amended complaint (Dkt. No. 14).**

The "second amended complaint" must be legible and must contain a **short and plain statement** of the claim showing that he is entitled to relief with all averments of claim set forth in numbered paragraphs. *See* Fed. R. Civ. P. 8(a)(2) & Fed. R. Civ. P. 10(b). The second amended complaint should show that Plaintiff exhausted his administrative remedies, and must allege claims of misconduct or wrongdoing against defendants which Plaintiff has a legal right to pursue, and over which this Court may properly exercise jurisdiction. Plaintiff is advised that the second amended complaint should contain no legal arguments, or conclusory allegations.

**II. Motion to Certify**

Plaintiff filed a motion requesting that this action be certified as a class action. Dkt. No. 16. However, it is clear that "a class action cannot be maintained by *pro se* litigants." *Akers v. United*

*Nations*, No. 05-CV-1200, 2005 WL 806592, at *1, n.1 (E.D.N.Y. April 8, 2005) (citing *Daniels v. Niagara Mohawk Power Corp.*, No. 04-CV-0734, 2004 WL 2315088, at *1 (W.D.N.Y. Oct. 12, 2004) (non-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause)). Here, Plaintiff is not an attorney. Therefore he is unable to represent others in a class action. Accordingly, his motion is denied.

**WHEREFORE**, it is hereby

**RECOMMENDED**, that Plaintiff may file a "second amended complaint" **<u>within thirty (30) days</u>** of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file a "second amended complaint," the Clerk enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that upon the filing of any "second amended complaint," the file in this matter be returned to the Court for further review; and it is further

**ORDERED**, that the motion to certify (Dkt. No. 16) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Plaintiff by regular mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a),

6(e).

Dated: June 2, 2010
Syracuse, New York

George H. Lowe
United States Magistrate Judge