UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

DAVID L. GIST, SR.,

                                                Plaintiff,

     -v.-                                                5:09-CV-01361
                                                          (NPM/GHL)

UNITED STATES,

                                              Defendant.

---

APPEARANCES:                            OF COUNSEL:

DAVID L. GIST, SR.
Plaintiff, *pro se*
609 Robinson Street
Apt. #32-C
Syracuse, NY 13206

HON. RICHARD S. HARTUNIAN      PAULA RYAN CONAN, ESQ.
United States Attorney               Assistant United States Attorney
Attorney for Defendant
P. O. Box 7198
100 South Clinton Street
Syracuse, NY 13261-7198


Neal P. McCurn, Senior District Judge

## *MEMORANDUM-DECISION and ORDER*

## *I. Introduction*

      Presently before the court in this Federal Tort Claims Act ("FTCA") case is a

motion by defendant United States ("Defendant") to dismiss the second amended complaint pursuant to Rules 12(b)(1) and/or 12(b)(6) of the Federal Rules of Civil Procedure and 28 U.S.C. § 2401(b) for failure to file a timely administrative claim and failure to timely commence this action.  Plaintiff, David L. Gist, Sr. ("Plaintiff") opposes the motion and Defendant replies.  Decision is rendered on the papers submitted without oral argument.  For the reason that follows, the motion is granted.

## *II.  Legal Standard*

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is properly granted where the court lacks the statutory or constitutional authority to adjudicate the case.  See Grace v. United States, 754 F. Supp. 2d 585, 595 (W.D.N.Y. 2010) (citing Makarova v. United States, 201 F.3d 110, 113 (2d Cir.2000)).  When deciding such a motion, the court may consider evidence outside of the pleadings.  See id.  In defending against a Rule 12(b)(1) motion, the plaintiff bears the burden of proving by a preponderance of the evidence that subject matter jurisdiction exists.  See id.

Because Plaintiff is appearing pro se, his pleadings shall be "liberally" construed "to raise the strongest arguments that they 'suggest.'"  See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006).

## *III.  Background*

On September 26, 1981, Plaintiff underwent surgery at the Veteran's Administration Medical Center in Syracuse, New York ("SVAMC").  Plaintiff alleges that six metal clamps, which were apparently used during the surgery, were left in his abdominal cavity, causing him severe pain ever since.  Plaintiff further alleges that he did not discover the existence of the clamps until December 7, 2006, despite "reasonable due diligence on his part in seeking treatment for complaints

2

and symptoms. Second Am. Compl. ¶¶ 6, 7, Dkt. No. 20. However, SVAMC records reveal radiographic reports dated February 18, 1982, February 3, 1983 and April 3, 2002, each of which reflect the presence of surgical clips in Plaintiff's abdominal area. See Exs. B-D to Decl. of Kerstin Huffaker, Oct. 13, 2010, Dkt. No. 35.

According to Plaintiff, he first filed a notice of claim with the United States Department of Veteran's Affairs ("the Department") on May 7, 2007 and then again on February 8, 2008. See id. ¶ 16. Attached to Plaintiff's Second Amended Complaint are, among other things, copies of two completed Injury Claim Forms SF 95, although only one is dated and stamped received by the Department on February 7, 2008. See pp. 136-139, Dkt. No. 20. The Department denied Plaintiff's claim on February 9, 2009. See Ex. B to Aff. of Joseph G. Moreno, October, 2010, ¶ 5, Dkt. No. 35. Plaintiff filed his initial complaint in this action on December 4, 2009, and Defendant was served with a summons and the second amended complaint on August 13, 2010.

## IV.  *Discussion*

Defendant argues that this action must be dismissed because (1) Plaintiff did not present his claim within two years of its accrual and (2) Plaintiff did not commence this action within six months of the administrative denial of his claim. Plaintiff's opposition consists of his arguments that this court previously held that he had a "vested legal right in pursuing this cause of action" and that SVAMC fraudulently altered the radiographic reports, which Defendant has presented here in support of its motion. See Pl.'s Opp'n Mem. of Law, at 1-2, Dkt. No. 37.

The FTCA waives sovereign immunity, inter alia, for "claims against the United States, for money damages ... for ... personal injury ... caused by the

3

negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). However, pursuant to the FTCA, such an action "shall not be instituted . . . unless the claimant shall have first presented the claim to the appropriate Federal agency." 28 U.S.C. § 2675(a). The FTCA also imposes two timing restrictions on potential plaintiffs: "First, the agency amenable to suit must receive the administrative claim within two years of its accrual[, and s]econd, the plaintiff must commence h[is] lawsuit 'within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.'" See Hunt v. United States, No. 1:07-cv-0112, 2007 WL 2406912, at *2 (N.D.N.Y. Aug. 21, 2007) (quoting 28 U.S.C. § 2401(b)). "In order for a court to have jurisdiction over a claim under the FTCA, all of these requirements must be met." State Farm Mut. Auto. Ins. Co. v. United States, 326 F. Supp. 2d 407, 412 (E.D.N.Y. 2004) (citing McNeil v. United States, 508 U.S. 106, 113, 113 S.Ct. 1980 (1993); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 510 (2d Cir.1994); Willis v. United States, 719 F.2d 608, 611-12 (2d Cir. 1983)). Consequently, "[f]ailure to comply with these jurisdictional requirement results in [a] plaintiff's claim being 'forever barred.'" Id. (quoting 28 U.S.C. § 2401(b)).

  It is clear, even viewing the facts of this case is a light most favorable to Plaintiff, that he commenced this action over six months after his administrative claim was denied, depriving this court of subject matter jurisdiction. See § 2401(b). Plaintiff has failed to meet his burden of proving by a preponderance of the evidence that subject matter jurisdiction exists. Accordingly, the court need not address Defendant's additional ground in support of its motion.

## *V.  Conclusion*

In accordance with the foregoing, the motion to dismiss the second amended complaint by defendant, United States, against plaintiff, David L. Gist, Sr., see Dkt. No. 35, is GRANTED for lack of subject matter jurisdiction.

The Clerk of the Court is directed to close this case.


IT IS SO ORDERED.


DATED:     January 17, 2012
           Syracuse, New York


_____
Neal P. McCurn
Senior  U.S. District Judge

6